76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ross McFARLAND, Plaintiff-Appellant,
v.
CHAMPION INTERNATIONAL CORPORATION; Champion International
Hourly Pension Plan 002, Defendants-Appellees.
 No. 94-36047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 30, 1996.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and REA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ross McFarland appeals from the district court's grant of summary judgment in favor of Champion International Corp. and Champion Hourly Pension Plan 002. We affirm.
 
 I.
 
 4
 ERISA does not apply to McFarland's claims since they are based wholly on events that occurred before the statute's effective date. See Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1501 (9th Cir.1984). Thus, we review only the alleged violation of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). See Ponce v. Construction Laborers' Pension Trust, 628 F.2d 537, 541 (9th Cir.1980).
 
 II.
 
 5
 The district court correctly concluded there were no genuine issues of material fact. Champion's denial of benefits was based on its determination that McFarland's "most recent date of hire," within the meaning of Section 4 of the Plan, was December 2, 1957. The only material issue is whether McFarland was "hired" when he went to work in the mill in December 1957, and on this issue no genuine dispute exists. McFarland consistently acknowledged that he was unemployed during the fall of 1957, and Social Security records reflect a drop in his earnings consistent with a two-month period of unemployment during this quarter. He testified his previous job as a timber cruiser no longer existed because the company had shut down its cruising operations. Although McFarland contends he was "re-employed" or "recalled" after a layoff, he has consistently testified that his return to work in December 1957 came about because he contacted the company, not the other way around. McFarland's return to work constituted a "hire" for purposes of Section 4.
 
 III.
 
 6
 We also reject McFarland's contention that because his break in employment was involuntary, Champion's application of Section 4 to him was arbitrary and thus violated the Taft-Hartley Act under Bolton v. Construction Laborers' Pension Trust, 954 F.2d 1437 (9th Cir.1991). Like this case, Bolton involved an employee's attempt to aggregate two periods of employment for vesting purposes. The similarity ends there, however. It was undisputed that Bolton's two periods of employment were covered under the pension plan and, taken together, satisfied the plan's 15-year vesting requirement. Here, coverage is precisely the issue: Champion contends McFarland's first period of employment is not covered under the Plan and thus does not count toward satisfying the vesting requirement. The cases also involve different plan provisions. Bolton's appeal centered on his plan's break-in-service provision; this case concerns a provision fixing the beginning of the period of relevant service as the "most recent date of hire."
 
 
 7
 Bolton aside, McFarland makes no argument that Section 4 is itself arbitrary. When Champion's predecessor adopted the Plan, it opted to give current employees credit for prior service to the company. Some "starting point" for coverage was required, and we cannot say it was arbitrary to choose an employee's "most recent date of hire" as that starting point. If Section 4 itself is not arbitrary, neither is its application to McFarland; we have repeatedly held that an employer does not violate the Act by denying benefits to an employee who fails to work the number of covered years required by a retirement plan. See, e.g., Siles v. ILGWU Nat'l Retirement Fund, 783 F.2d 923, 929-30 (9th Cir.1986) (denial of benefits not arbitrary where plan had a 20-year vesting requirement and employee was laid off after working 17 years).
 
 IV.
 
 8
 Because Section 4 did not violate the Taft-Hartley Act, the district court correctly concluded it lacked authority to modify the Plan's terms. When, as here, the terms of a benefit plan have been established through collective bargaining, a federal court has "no authority to modify" them unless the terms or the collective bargaining violate federal law. United Mine Workers of America Health & Retirement Funds v. Robinson, 455 U.S. 562, 576 (1982); White v. Distributors Ass'n Warehousemen's Pension Trust, 751 F.2d 1068, 1071 (9th Cir.1985). Contrary to McFarland's contention, Champion was not required to prove that Section 4 specifically was the subject of collective bargaining; it was enough that eligibility requirements in general arose from negotiations. See Williams v. Caterpillar, Inc., 944 F.2d 658, 666 & n. 2 (9th Cir.1991).
 
 V.
 
 9
 Because December 1957 was McFarland's "most recent date of hire," the terms of the Plan entitled him to 4 years of credited past service and 10 1/2 years of credited future service. Because McFarland earned 14 1/2 years of credited service but needed 15 years to vest under the Plan's terms, he was not entitled to benefits. The district court properly granted summary judgment for Champion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3