**Eijinio BANUELOS, Plaintiff–Appellant,**

v.

**CONSTRUCTION LABORERS' TRUST FUNDS FOR SOUTHERN CALIFORNIA, Defendant–Appellee.**

No. 02–57096.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Filed Aug. 24, 2004.

Richard A. Weinstock, Ventura, CA, for the appellant.

**900**

Charles E. Noneman, Los Angeles, CA, for the appellee.

Before B. FLETCHER, PREGERSON, and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Eijinio Banuelos ("Banuelos") filed the underlying complaint against the Construction Laborers' Pension Trust for Southern California ("the Trust"), seeking to establish his right to receive a pension. The district court denied the parties' cross-motions for summary judgment, relying on evidence that was not part of the administrative record to conclude that there was a genuine issue of material fact as to whether the Trust had adopted five-year vesting rules applicable to Banuelos. After a bench trial, the district court held that Banuelos was not entitled to five-year vesting.

Banuelos appeals the district court's denial of his summary judgment motion, arguing that the district court erred by considering evidence outside the administrative record. We reverse the denial of Banuelos's motion for summary judgment, vacate the subsequent judgment, and remand to the district court with instructions to remand to the plan administrator to calculate Banuelos's pension.

**I**

**FACTS AND PROCEEDINGS BELOW**

*A. The Pension Plan*

The Trust is an express trust established in 1962. Pursuant to the terms of various collective bargaining agreements between the Southern California District Council of Laborers and numerous employers' associations, the Trust created and maintained a pension plan. The plan is a multi-employer defined benefit pension plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

Banuelos's right to a pension is governed by the provisions of the pension plan. Banuelos is a retired construction laborer who worked within the area covered by the Trust from 1966 to 1991. He retired from the construction field in 1992 and on January 23, 1995, he turned 65.

When Banuelos retired, the pension plan provided for three different forms of regular pension. Plan One provided for those people who have completed at least 10 years of credited service; Plan Two for those who completed at least 15 years of credited service; and Plan Three for those who completed at least 25 years of credited service. The plan sets forth the applicable "break in service" rules and specifies how credits are to be calculated. A worker is credited with one year of service for each year in which he was employed more than 1000 hours. A "break in service" occurs in each calendar year during which the worker completed fewer than 501 hours of service. The undisputed facts show that Banuelos's years of credited service total no fewer than six years and no more than seven years under any applicable "break in service" rules.

When Banuelos retired, a minimum of 10 credited years were required for a vested pension. In September 1998, however, in a separate lawsuit involving a different worker, Banuelos's attorney received from the Trust a copy of the apparently then-applicable pension plan. The cover-page of that plan states it is the plan's version "[a]s amended to June 30, 1994." Section 4.07(e) of that 1994 version of the plan specifies that only five credited years of

service are required for a vested pension. Section 4.07(e) of the 1994 version of the plan provides that:

> an employee who (i) has accumulated five years of Credited Service computed as provided in Section 4.04A and 4.06, (ii) is 65 years or older, and (iii) has not had a break in service during the period referenced in (i) above shall have a vested pension.

According to a footnote in this 1994 version of the plan, the change was made retroactive to January 1, 1988. Because Banuelos did not retire until 1992, section 4.07(e), if valid, would apply to him.

## B. Banuelos's Pension Application

In August of 1999, Banuelos submitted an application for a pension to the Trust through his attorney. The plan administrator issued a conditional approval based on its calculation that Banuelos had earned six years of vesting credit. How because of several one-year breaks in service beginning in 1990, the administrator would not recognize any of the pre–1990 credit years unless Banuelos complied with the Trust's credit year reinstatement provisions which required him to work 501 more hours.

Citing the five-year vesting language of section 4.07(e) of the 1994 version of the plan, Banuelos appealed the administrator's computation of his credit hours and his amount of conditional benefits. The Pension Appeals Committee denied Banuelos's appeal.

On May 24, 2000, Banuelos brought this action, seeking declaratory relief and damages for violations of ERISA and the Age Discrimination in Employment Act. Banuelos subsequently dropped his Age Discrimination in Employment Act claim.

## C. The Denial of the Summary Judgment Motions

Both parties filed summary judgment motions. In its motion for summary judgment, the Trust alleged that the 1994 version of the plan upon which Banuelos based his suit was an incorrect version of the pension plan. The Trust alleged that the amendment Banuelos's attorney received—containing section 4.07(e)—was considered by the board at one time but was never adopted. The Trust further alleged that Banuelos's attorney received the unadopted amendment because it accidentally was compiled with the true plan. The cover letter accompanying the plan given to Banuelos's attorney from the Trust, however, stated that enclosed was "the Construction Laborers Pension Document, Summary Plan Description dated May 1979 with enclosed blue insert on amendments through 1986, plus amendments through 1997."

Clearly, evidence of this mistake was not in the administrative record before the plan administrator because the alleged mistake was not discovered until after the plan administrator had made its decision. Moreover, the district court found as undisputed fact that the "trust's mistake claim" and "the evidence in support thereof are not part of the administrative record."

In Banuelos's summary judgment motion he argued that pursuant to section 4.07(e) of the 1994 version of the plan, he was entitled to a pension. The district court denied both parties' motions. Relying on evidence outside the administrative record, the district court concluded that there was a triable issue of material fact as to whether section 4.07(e) of the 1994 version of the plan was part of the Trust plan.

After a bench trial, the district court determined that section 4.07(e) of the 1994 version of the plan was not part of the

Trust's plan. The district court remanded the case to the plan administrator to determine if Banuelos would be entitled to benefits on the basis of the plan without section 4.07(e). Banuelos appeals the district court's denial of his summary judgment motion. Banuelos asserts that the district court erred by considering evidence outside the administrative record, and without that evidence he is entitled to a pension under section 4.07(e) as a matter of law.

## II

## STANDARD OF REVIEW

A district court's decision to deny a summary judgment motion is reviewed de novo. *Brewster v. Shasta County*, 275 F.3d 803, 806 (9th Cir.2001). This Court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003).

## III

## JURISDICTION

The Trust argues that we do not have jurisdiction over Banuelos's appeal because (1) Banuelos is appealing the district court's order denying his summary judgment motion after a full trial on the merits, and (2) there has been no final order because the district court only remanded the suit to the plan administrator to determine Banuelos's benefits under the correct version of the plan. The Trust is correct that generally this court will not review a denial of a summary judgment motion after a full trial on the merits. *Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1359 (9th Cir.1987) (finding "that the denial of a motion for summary judgment is not reviewable on an appeal

from the final judgment after a full trial on the merits"). This is because "[o]rdinarily a denial of a motion for summary judgment is not a final order and thus not appealable." *Abend v. MCA, Inc.*, 863 F.2d 1465, 1482 n. 20 (9th Cir.1988).

This general rule, however, does not apply to those denials of summary judgment motions where the district court made an error of law that, if not made, would have required the district court to grant the motion. *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 906 (9th Cir.1999). In *Pavon* the plaintiff sued his former employer in state court for unpaid wages. This suit was dismissed following a settlement. *Id.* The plaintiff then sued his former employer in federal court for race discrimination. The employer moved for summary judgment based on the doctrine of claim preclusion. *Id.* The district court denied the motion. After a trial on the merits the jury awarded Pavon damages. Despite there already being a full trial on the merits, this court reviewed the denial of the summary judgment motion. *Id.*

In *Pavon*, we first stated the general rule that "this court will often decline to engage in the 'pointless academic exercise' of reviewing a denial of summary judgment after a trial on the merits." *Id.* (citing *Lum v. City and County of Honolulu*, 963 F.2d 1167, 1169–70 (9th Cir.1992)). We concluded that "such a case is not presented here, because the question of claim preclusion was not a disputed factual issue that went to the jury, but was a ruling by the district court on an issue of law." *Id.* This distinction is logical. If a district court denies a motion for summary judgment on the basis of a question of law that would have negated the need for a trial, this court should review that decision. If, however, a district court denied a motion for summary judg-

ment based on a disputed issue of fact, and that issue of fact was decided in a subsequent trial, this court will not engage in the pointless academic exercise of deciding whether a factual issue was disputed after it has been decided.

Similarly, in *Wilson Arlington Co. v. Prudential Ins. Co.*, 912 F.2d 366 (9th Cir.1990), we reversed a denial of a summary judgment motion after a trial on the merits. In *Wilson*, we held that the district court erred in considering parole evidence that was inadmissible under the applicable state law, and that without the evidence admitted in error, there was no triable issue of fact. *Id.* at 372–73. *Wilson* is instructive in this case.

■ Essentially, Banuelos argues that the district court erred as a matter of law when it concluded it could hear evidence outside the administrative record. Because it was evidence outside the administrative record that created a disputed issue of material fact, Banuelos argues, the legal error resulted in the district court wrongly denying his summary judgment motion. Banuelos asserts that because he is appealing the district court's erroneous legal conclusion, this court has jurisdiction to hear the appeal. Banuelos's argument is persuasive.

■■ The Trust next asserts that we do not have jurisdiction to hear this appeal because no judgment has been entered by the district court since the district court only remanded the case to the plan administrator to determine Banuelos's benefits. The Trust's assertion is unpersuasive. The district court's order remanding to the plan administrator is an appealable final order under *Hensley v. Northwest Permanente P.C. Ret. Plan & Trust*, 258 F.3d 986, 993 (9th Cir.2001). Under *Hensley*, an order remanding a case to an ERISA plan administrator is appealable only when: (1) the district court order conclu-

sively resolved a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable. *Id.* (quoting *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1251 (9th Cir.1998)).

Here, the test has been met: (1) the district court decided a separable legal issue—whether it could hear evidence outside the administrative record of the Trust's mistake in compiling the 1994 version of the plan; (2) remand would result in a wasted proceeding if Banuelos is correct about the applicable pension plan; and (3) there is no other way, as a practical matter, for Banuelos to challenge the applicable pension plan. Accordingly, we have jurisdiction to hear this appeal under 28 U.S.C. § 1291.

# IV

## ANALYSIS

### A. Evidence Outside the Administrative Record

■ Banuelos argues that the district court's decision to hear evidence of the Trust's mistake at trial was erroneous because that evidence was not presented to the plan administrator. While the district court stated that its "review is generally limited to the administrative record," it noted that "evidence outside the administrative record may be considered in limited circumstances." The district court held that because it was hearing evidence to determine whether section 4.07(e) of the 1994 version of the plan actually was adopted, the general rule limiting its review to the administrative record did not apply. This was in error.

Where, as here, an ERISA plan vests the administrator with discretionary authority to determine benefit eligibility, the district court reviews the administrator's determinations for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). This court has clearly established that "the abuse of discretion standard permits the district court to 'review only the evidence presented to the [plan] trustees.'" *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1471 (9th Cir.1993) (alteration in the original) (quoting *Jones v. Laborers Health & Welfare Trust Fund,* 906 F.2d 480, 482 (9th Cir.1990)). "[T]his conclusion is consistent with the nature of abuse of discretion review, furthers the goals of ERISA, and is in line with the decisions of nearly every other circuit to consider the issue." *Id.*

We note, however, that there are two exceptions to this general rule that a district court may not hear evidence outside the administrative record. First, a district court may hear such evidence when the court must determine if a plan administrator's decision was affected by a conflict of interest. *Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 976–77 (9th Cir. 1999). Second, the court can hear evidence outside the administrative record when the standard of review of the administrative decision is de novo. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 943–44 (9th Cir.1995). Because this case does not invoke either of these two exceptions, the district court erred as a matter of law in concluding it could hear evidence outside the administrative record.

B. *Banuelos's Summary Judgment Motion*

Courts will generally bind ERISA defendants to the more employee-favorable of two conflicting documents—even if one is erroneous. *See Bergt v. Ret. Plan for Pilots Employed By MarkAir, Inc.,* 293 F.3d 1139 (9th Cir.2002). This is because

> Any burden of uncertainty created by careless or inaccurate drafting ... must be placed on those who do the drafting, and who are most able to bear that burden, and not on the individual employee, who is powerless to affect the drafting of the summary or the policy and ill equipped to bear the financial hardship that might result from a misleading or confusing document. Accuracy is not a lot to ask.

*Id.* at 1145 (quoting *Hansen v. Cont'l Ins. Co.,* 940 F.2d 971, 982 (5th Cir.1991)). Here, the court is presented with two plans. One plan includes the five-year vesting provision, while the other does not. Because the ERISA plan that includes the five-year vesting provision is more favorable to Banuelos than the plan without the provision, this court must determine whether, as a matter of law, Banuelos is entitled to a pension under the plan that includes the five-year vesting provision.

Limiting consideration to the evidence in the administrative record, Banuelos's summary judgment motion should have been granted. As previously noted, section 4.07(e) provides that an employee who has accumulated five years of credited service is entitled to a pension. It is undisputed that Banuelos's years of credited service total no fewer than six years and no more than seven years. The plan administrator erred in concluding that Banuelos must work 501 more hours to receive his pension because of his 1990 break in service. This break in service occurred after Banuelos had completed the five years of service required for vesting. Once an employee has completed the required service for vesting, a subsequent

break in service cannot deprive the employee of benefits. *See Nachman Corp. v. Pension Ben. Guaranty Corp.*, 446 U.S. 359, 378 n. 27, 100 S.Ct. 1723, 64 L.Ed.2d 354 (stating that the vesting of a pension means that the receiving of a pension is no longer contingent upon remaining in the employer's service); *see also Martin v. Constr. Laborer's Pension Trust for S. Cal.*, 947 F.2d 1381, 1383 (9th Cir.1991) (stating that the pension plan's break-in-service rules applied only until the worker completed the service required for vesting); *Bolton v. Constr. Laborers' Pension Trust for S. Cal.*, 954 F.2d 1437, 1438 (stating that the pension plan's break-in-service rules allowed cancellation of a non-vested participant's credited service).

Because Banuelos completed the required service for vesting and his post-vesting breaks in service do not affect his pension entitlement, Banuelos is entitled to a pension as a matter of law.

## V

## CONCLUSION

We hold that the district court erred by concluding it could hear evidence that was not in the administrative record. Had the district court only looked at evidence within the administrative record, it necessarily would have granted Banuelos's summary judgment motion. Accordingly, we reverse the district court's denial of Banuelos's summary judgment motion, vacate the subsequent judgment, and remand to the district court with instructions to remand to the plan administrator to calculate Banuelos's pension.

**REVERSED. VACATED, and RE-MANDED.**