## THE PORT OF REDWOOD CITY,
### Plaintiff—Appellant,

v.

## GIBSON ENVIRONMENTAL INC., fka Gibson Oil and Refining Co., Inc., et al. Defendants,

### and

## Shell Oil Company, Defendant— Appellee.

### No. 03–15662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided Feb. 25, 2005.

Fred M. Blum, Esq., Bassi, Martini & Blum, San Francisco, CA, for Plaintiff–Appellant.

Joan Wolff, Esq., Law Offices of Joan Wolff, San Francisco, CA, for Defendant.

Michael R. Leslie, Esq., Andrew A. Esbenshade, Esq., Caldwell, Leslie, Newcombe & Pettit A Professional Corporation, Los Angeles, CA, for Defendant–Appellee.

Before: THOMAS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM *

The Port of Redwood City had to engage in an environmental cleanup after its tenant abandoned a leased facility on Port property, leaving millions of gallons of hazardous waste at the site. The Port sued Shell Oil Company, which had transported some hazardous wastes to the site. Shell prevailed in the district court, the Port appeals, and we affirm.

1. The Port argues that the district court improperly denied its motion for summary judgment on its state-law claim for negligence per se. This claim then went to the jury, which found in Shell's favor. The denial of a motion for summary judgment on a claim ordinarily is not reviewable on appeal from a final judgment entered after a trial on the merits of the claim. *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir.1987). Where, as here, the district court earlier held that there was a disputed issue of fact for trial, and trial occurred, we "will not engage in the pointless academic exercise of deciding whether a factual issue was disputed after it has been decided." *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 903 (9th Cir.2004).

2. Substantial evidence supports the jury's verdict in favor of Shell on the negligence per se claim. Shell's final shipment to the site, in June 1992, was composed of 450,000 gallons of an oil-water mixture. After that, other generators of waste sent 15.7 million gallons of waste to the site before cleanup began. There was testimony that Shell's pre–1990 shipments were

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

processed in about 30 days and that very little solids settled out of the mixture. Similarly, there was testimony that Shell's final shipment in June 1992 contained mostly water, with very little solids. The cleanup did not begin until 1999. On this record the jury reasonably could find that Shell's shipments did not cause the Port's injury. For these reasons, we conclude that the district court did not err in denying the Port's motions for judgment as a matter of law and for a partial new trial.

3. We assume, without deciding, that the jury instruction about which the Port complains was erroneous. Reversal is not warranted if an instructional error is, more probably than not, harmless. *Larez v. Holcomb,* 16 F.3d 1513, 1517–18 (9th Cir. 1994). Here, the erroneous instruction concerned the elements of duty and breach of duty, but did not affect causation. Because the jury probably would have found for Shell on the causation element for the reasons we have explained, any error was harmless.

4. The district court granted summary judgment to Shell on the Port's federal claim under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). The Port argues that there was a genuine issue of material fact as to whether the cleanup qualified as a "time-critical removal action" and, therefore, that this claim should have proceeded to trial. Although we conclude that the Port may have raised a genuine issue of material fact as to whether its response was a "removal action," as a matter of law it could not show that its response could be classified as a "time-critical" removal action, for the reasons explained by the district court.