**Donna WEISS, an individual and as administrator of the Estate of Robert J. Weiss, Plaintiff—Appellant,**

v.

**NORTHERN CALIFORNIA RETAIL CLERKS UNIONS AND FOOD EMPLOYERS JOINT PENSION PLAN, Defendant—Appellee,**

and

**Linda Ashcraft; et al., Defendants.**

No. 05–15489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Feb. 16, 2007.

Richard C. Henderson, Esq., Law Offices, Fresno, CA, for Plaintiff–Appellant.

J. Thomas Bowen, Esq., Davis, Cowell & Bowe, LLP, San Francisco, CA, for Defendant–Appellee.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Donna Weiss appeals the district court's grant of summary judgment in favor of the Northern California Retail Clerks Unions and Food Employers Joint Pension Plan in her action under Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(e). We affirm.

Weiss does not dispute the Plan's contention that its Administrator has discretionary authority to construe plan terms when making eligibility determinations. We review decisions made pursuant to this authority for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

Weiss first argues that there is a material conflict between the Plan Document and the Summary Plan Document (SPD) and that, under our precedents, she is entitled to benefits under the SPD's more favorable language. *See Atwood v. Newmont Gold Co., Inc.,* 45 F.3d 1317, 1321 (9th Cir.1995), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir.2006) (en banc). A material conflict is present only if the SPD can

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

only mean one thing and the Plan Document can only mean the opposite thing. *See, e.g., Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.,* 293 F.3d 1139, 1144 (9th Cir.2002) ("The critical issue in this case is how to interpret an ERISA plan when the plan master document *unambiguously* qualifies an employee as a member of the retirement plan, but the SPD *unambiguously* excludes him.") (emphasis added).

We find no such conflict here. Both parties agree that the Plan Document unambiguously denies benefits—the participant and surviving spouse must have been "lawfully married throughout the year preceding the date of death." The language in the SPD requires the participant and surviving spouse to have been "legally married for at least one year prior to the date of [the participant's] death" for benefits to be awarded. As the district court found, the SPD is susceptible to two reasonable interpretations: the first requiring marriage for one year *anytime* prior to the participant's death, and the second requiring marriage for one year *preceding* the date of the death. This created an ambiguity, not an irreconcilable conflict. It then fell to the Administrator to interpret the provision, which it reasonably did.

Weiss next argues that any ambiguity in the SPD should be resolved in favor of the beneficiary, but this proposition fails to recognize the discretion afforded to the Plan Administrator "to construe disputed or doubtful terms" in the plan. *Firestone,* 489 U.S. at 111, 109 S.Ct. 948.

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting.

The central issue in Weiss's appeal is whether the combination of an ambiguous Summary Plan Description (SPD) and a clear Plan Document creates a conflict or material difference. If so, the "SPD is controlling." *Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1321 (9th Cir.1995) ("Where the SPD ... differs materially from the terms of the plan, the SPD is controlling."); *see also Banuelos v. Constr. Laborers' Trust Funds for So. Cal.,* 382 F.3d 897, 903 (9th Cir.2004) ("Courts will generally bind ERISA defendants to the more employee-favorable of two conflicting documents-even if one is erroneous.") (citing *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.,* 293 F.3d 1139, 1145 (9th Cir.2002)).

I agree with the majority that the language in the SPD is ambiguous and that one of the two reasonable interpretations—indeed the more reasonable one—would permit Weiss to receive pension benefits as the surviving spouse of her deceased husband. I disagree, however, with the majority's conclusion that, in this circuit, the SPD controls over the Plan Document *only* where there is an "irreconcilable conflict" between the plain meaning of the SPD and the plain meaning of the Plan Document. Instead, our recent cases strongly support the opposite conclusion— that to determine whether an SPD differs materially or conflicts with a Plan Document, we must first construe ambiguous SPD language in favor of the employee, and then consider whether the more favorable reading of the SPD is inconsistent with the Plan Document. If it is, the SPD controls.

In the same case that the majority cites for its erroneous conclusion, *Bergt,* we expressly adopted the Fifth Circuit's reasoning that

*[a]ny burden of uncertainty created by careless or inaccurate drafting of the summary must be placed on those who do the drafting,* and who are most able to bear that burden, *and not on the individual employee,* who is powerless

to affect the drafting of the summary or the policy and ill equipped to bear the financial hardship that might result from a misleading or confusing document. Accuracy is not a lot to ask.

293 F.3d at 1145 (emphasis added) (quoting *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 982 (5th Cir.1991) (concluding that an SPD which was "at least ambiguous" controlled over an unambiguous "master plan" and stating that "the ambiguity in the [SPD] must be resolved in favor of the employee and made binding on the drafter")). In addition, we stated that "the law should provide as strong an incentive as possible for employers to write the SPDs so that they are consistent with the ERISA plan master documents, a relatively simple task." *Id.* at 1145–46 (citing *Hansen*, 940 F.2d at 982; *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1393 (9th Cir.1995) ("We must construe ambiguities in 'an ERISA plan against the drafter....' ")). The rule adopted in *Bergt* plainly supports Weiss's contention that where, as here, the SPD is ambiguous, imprecise, and misleading, the SPD must be construed in the employee's favor and as so construed controls over a conflicting provision of the Plan Document.

I disagree with the majority's contention that we cannot construe ambiguous SPD language in Weiss's favor because the Plan Document gives the Administrator discretion to construe that Document. First, it appears from the record that the Administrator did not in fact construe or apply the ambiguous language of the SPD, but simply applied the plain language of the Plan Document. Because the Administrator did not use its discretion to construe the SPD, it is owed no deference for its *post hoc* interpretation of that instrument adopted in the course of litigation. Second, in failing to apply the more favorable, albeit ambiguous, language of the SPD, and in-

stead applying the conflicting provisions of its Plan, the Administrator made an error of law, which constitutes an abuse of discretion. Third, when two ERISA plan documents differ, and one favors the employee, this court does not defer to the administrator's interpretation of the documents, but applies the version that favors the employee. *See Banuelos*, 382 F.3d at 900–01, 904–05; *Bergt*, 293 F.3d at 1143–45; *Atwood*, 45 F.3d at 1321; *Carver v. Westinghouse Hanford Co.*, 951 F.2d 1083, 1087 (9th Cir.1991). Finally, if the SPD "varie[s] from the formal plan," a disclaimer in the SPD stating that the terms of the Plan Document control is ineffective and cannot cure a defect in the SPD. *Carver*, 951 F.2d at 1087.

Because the ambiguous SPD language, when construed in Weiss's favor, conflicts with the Plan Document, I would hold that the SPD controls and that Weiss is entitled to benefits. Accordingly, I respectfully dissent.