**Deborah Sue SPICER, Plaintiff—Appellant,**

v.

**CASCADE HEALTH SERVICES, INC., doing business as Central Oregon Community Hospital, Defendant—Appellee.**

**No. 06–35493.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2008.*

Filed May 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Donald E. Oliver, Esq., Karen E. Duncan, Esq., Oliver & Duncan, Redmond, OR, for Plaintiff–Appellant.

Jennifer J. Roof, Esq., Miller Nash, LLP, Portland, OR, for Defendant–Appellee.

Before: TALLMAN and CLIFTON, Circuit Judges, and CARROLL,** District Judge.

MEMORANDUM ***

Plaintiff Deborah Sue Spicer appeals the judgment entered by the district court fol-

** The Honorable, Earl H. Carroll, Senior United States District Judge, District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lowing a jury verdict in favor of defendant Cascade Health Services, Inc. We affirm.

■ We decline to review the order denying Spicer's motion for partial judgment on the pleadings which the district court properly construed as a motion for summary judgment. In general, a lower court's denial of a pretrial motion for summary judgment is not reviewable on appeal from a final judgment entered after a full trial on the merits. *Price v. Kramer,* 200 F.3d 1237, 1243 (9th Cir.2000). Spicer's motion for partial judgment on the pleadings was converted into a motion for summary judgment because it relied upon matters outside of the pleadings. *See* FED. R.CIV.P. 12(c); *Romine v. Diversified Collection Servs., Inc.,* 155 F.3d 1142, 1145 n. 1 (9th Cir.1998) (noting that stipulated facts are matters outside of the pleadings). By denying the motion, the district court necessarily determined that contested factual issues existed as to whether Spicer was a 'qualified individual' under the ADA. We therefore decline to review the motion at this stage because to do so would be to "engage in the pointless academic exercise of deciding whether a factual issue was disputed after it has been decided." *Banuelos v. Construction Laborers' Trust Funds for S. Cal.,* 382 F.3d 897, 903 (9th Cir.2004).

■ We also affirm the denial of Spicer's motion for judgment as a matter of law. The jury found that although Spicer was disabled under the ADA, she was not a "qualified individual," defined as someone who, "with or without reasonable accommodation, can perform the essential functions of the employment position" that Spicer held. *Dark v. Curry County,* 451 F.3d 1078, 1086 (9th Cir.2006). After a review of the record, we conclude that there was sufficient evidence to support the jury's conclusion. The evidence at trial established that after Spicer returned from her one month leave, her perform-

ance evaluations declined. After her return Spicer had trouble focusing on work, completing tasks on time, and following through on projects. The evidence at trial also showed that on more than one occasion Spicer's coworkers found her incapacitated in her office. After such episodes Spicer had to be sent home on paid leave. Furthermore, the evidence also established that even with the reasonable accommodations Cascade provided, Spicer was unable to perform the essential functions of her job during the relevant time period. The jury's verdict was not contrary to the evidence.

■ We also reject Spicer's argument that she is entitled to a new trial because the court gave a misleading jury instruction. During deliberations, the jury sent a note to the court asking it to define "qualified individual under ADA." The note also sought clarification as to whether the question on the special verdict form, which asked whether "plaintiff [was] a qualified individual under the ADA[,]" referred to the time before April 2002 or after April 2002. The court responded to the first request by rereading the agreed upon definition of "qualified individual" in the jury instructions. As for the second, the court responded that the applicable time frame for analyzing the "qualified individual" status was "after April of 2002." Spicer contends that the second response was misleading in that it implied that the jury was required to find that Spicer was a qualified individual at all times after April 2002. Given the specific question posed by the jury, that argument is unpersuasive. The jury asked "before" or "after." The court answered "after." To have said more than that would have, as the trial court observed, answered a question that the jury did not ask. It is implausible that the jury drew the inference asserted by Spicer. The trial court did not misstate the law,

and the jury was not misled by the court's responses to the jury questions.

**AFFIRMED.**

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.