MEMORANDUM *
Charles Skinner and Gregory Stratton, former employees of Litton Industries, Inc., and former participants in Litton’s Retirement Plan B, appeal the district court’s summary judgment in their ERISA class action against Northrop Grumman Retirement Plan B (Northrop Plan B) and its Administrative Committee. After Northrop acquired Litton and several other companies, Northrop combined their various retirement plans, including Litton Retirement Plan B, into Northrop Plan B. Northrop Plan B provided a five-year transition benefit to participants from the merged plans. The 2003 and 2005 Summary Plan Descriptions (SPDs) did not mention that Northrop would deduct an “annuity equivalent offset” when calculating Part B of appellants’ transition benefit.
We review the district court’s summary judgment de novo. See Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 625 (9th Cir.2008). We reverse.[1]
The district court correctly held that Northrop’s 2003 and 2005 SPDs incorpo *60 rated the “historical” Litton SPDs by reference. The 2003 SPD informed participants that, during the 5-year transition period, “you earn benefits under the historical plan in effect for you” and that the “specific rules and provisions for each [historical] plan ... are provided in the summary plan description (SPD) for that plan.” As a result, appellants had adequate notice that Northrop would calculate Part B of their transition benefit according to the rules of Litton Retirement Plan B. See 29 U.S.C. § 1022(a).
The district court erred in ruling that Litton’s 1998 SPD explained the annuity equivalent offset in such a way as to inform appellants that Northrop would apply the offset to Part B of their transition benefit. See 29 C.F.R. § 2520.102-3(Z) (SPDs must include “a statement clearly identifying circumstances which may result in ... offset [or] reduction ... of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide”). Unlike Litton’s 1988 SPD (and contrary to counsel’s assertion at oral argument), the 1998 SPD indicated that the offset applied only to participants accepting lump-sum distributions of their FSSP Retirement Accounts. According to the 1998 SPD, the offset was not applicable to participants’ pensions in the absence of a lump-sum distribution. Because the 1998 SPD described the offset as applying only to a subset of participants, the 1988 SPD’s description of the offset as applying to all participants is irrelevant in terms of appellants’ expectations regarding Part B of the transition benefit. Thus, appellants had insufficient notice that Northrop would apply the offset to their transition benefits. See 29 C.F.R. § 2520.102-3(Z).
We “generally bind ERISA defendants to the more employee-favorable of two conflicting documents — even if one is erroneous.” Banuelos v. Constr. Laborers’ Trust Funds for S. Cal., 382 F.3d 897, 904 (9th Cir.2004); Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1145 (9th Cir.2002). We agree with the district court that the July 1, 2003 Restatement was the master plan document. For the reasons described above, Section H3.03 of the 2003 Restatement, which states that the offset applies to all participants’ transition benefits, is in conflict with the 1998 SPD, which the 2003 SPD incorporated by reference. Here, as in Bergt, we face an “egregious ambiguity,” and thus the more employee-favorable 1998 SPD controls over the 2003 Restatement. See Bergt, 293 F.3d at 1145.
Finally, we reject appellants’ argument that any plan document indicated that Northrop would “credit” or contribute 4% of their salaries (along with 5% interest) directly to their transition benefits. The 2003 and 2005 SPDs state that participants’ Part B benefits “will be calculated as if you had contributed 4% annually ... [and] credited with a 5% annual rate of return.... ” (Emphasis added.) Even with no offset, the imputed contributions remain subject to the reductions in place under Litton Plan B: either the “60% Formula” or the “85/75% Formula.”
On remand, the district court should reconsider each of appellants’ claims in light of our conclusion that (1) the 2003 SPD’s incorporation of the 1998 SPD by reference did not notify appellants that the annuity equivalent offset would apply to their transition benefits, and (2) in terms of appellants’ expectations for Part B of the transition benefit, the 1998 SPD’s description of the offset’s limited applicability controls over the 2003 Restatement’s description of the offset as universally applicable.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We also note that the Administrative Committee, which ignored Skinner's appeal and denied Stratton's appeal without even discussing the relevance of the SPDs, erred under either an abuse of discretion or de novo standard of review. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 972 (9th Cir.2006) (en banc); Richardson v. Pension Plan of Bethlehem Steel Corp., 112 F.3d 982, 985 (9th Cir.1997).