MEMORANDUM *
Wendelin Ringel (“Ringel”) appeals from the district court’s denial of her pre-trial *226 motion for summary judgment on probable cause pursuant to Fed.R.Civ.P. 56, her renewed motion for judgment as a matter of law on probable cause pursuant to Fed. R.Civ.P. 50(b), and her motion for a new trial based on newly discovered evidence pursuant to Fed.R.Civ.P. 59(a). Ringel filed a federal law claim under 42 U.S.C. § 1983 as well as various related state law claims against defendants Deputy Sheriff Sergeant Chad Bianco (“Bianco”), Deputy Sheriff Gary Colbert (“Colbert”), and the County of Riverside, seeking damages for false arrest and excessive force. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I.
Ringel contends that the district court erred in denying her motion for summary judgment on probable cause. The denial of a motion for summary judgment is not an appealable final order after a trial on the merits, Dixon v. Wallowa County, 336 F.3d 1013, 1017 (9th Cir.2003), unless the district court made an error of law in denying the motion. See Banuelos v. Constr. Laborers’ Trust Funds for S. Cal., 382 F.3d 897, 902 (9th Cir.2004) (holding that the denial of summary judgment was reviewable after a trial on the merits where the district court relied on evidence outside the record to deny the motion).
Here, the district court denied Ringel’s motion for summary judgment because it found more factual development necessary. Because no error of law occurred, the district court’s denial of Ringel’s motion is not an appealable final order and therefore, is not reviewable.
II.
The district court concluded as a matter of law that defendants had probable cause to arrest Ringel. This conclusion was based on facts stipulated by the parties and facts found by the jury using a special interrogatory. After the jury verdict and judgment had been entered and the jury had been discharged, Ringel brought a renewed motion for judgment as a matter of law on probable cause pursuant to Fed.R.Civ.P. 50(b).
The district court construed Ringel’s Rule 50(b) motion as an objection to the special interrogatory given to the jury. Because Ringel failed to object to the language and use of the special interrogatory before the jury was discharged, the district court deemed the objection waived and denied Ringel’s Rule 50(b) motion. We review a district court’s denial of a Rule 50(b) motion de novo. See Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th Cir.2006).
The most reasonable way to read the motion is as an objection to the special probable cause interrogatory given to the jury. Challenges to a special verdict form raised for the first time after the verdict has been entered and the jury has been discharged are waived. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1109 (9th Cir.2001). Accordingly, Ringel waived any objection to the special interrogatory and the district court properly denied her Rule 50(b) motion.
III
The district court denied Ringel’s motion for a new trial based on newly discovered evidence pursuant to Fed.R.Civ.P. 59(a). We review for abuse of discretion. See Far Out Prod., Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir.2001). To establish that the district court erred in denying her motion for a new trial, Ringel must show (1) the new evidence was discovered after trial; (2) due diligence would not have resulted in the discovery of the new evidence earlier; and (3) the new evidence is of such magnitude that it would have likely changed the outcome of the case. Id. at 992-993.
*227 Ringel fails to meet her burden. The new evidence is an unauthenticated photograph of Sandra Stokely (“Stokely”), a reporter present at the scene of Ringel’s arrest. Ringel claims the photo is relevant to establish Stokely’s appearance thus demonstrating, allegedly, that Defendant Bianco committed perjury when he identified a woman in another photograph as Stokely. Ringel does not adequately explain, however, why she could not have obtained the photograph or subpoenaed Stokely for a visual inspection before the trial was over. Even if Bianco’s testimony at trial came as a surprise to Ringel, she could have easily obtained evidence of Stokely’s appearance before the trial ended. Because we find that Ringel did not exercise due diligence in discovering the allegedly new evidence, we do not need to reach the question of whether this evidence would have changed the outcome of the case. Accordingly, we hold that the district court did not abuse its discretion in denying Ringel’s motion for a new trial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9Üi Cir. R. 36-3.