

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA MARTINEZ, | No. 10-56370 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:09-cv-01222-SVW-PLA |
| v. | |
| THE BEVERLY HILLS HOTEL AND BUNGALOWS EMPLOYEE BENEFIT TRUST EMPLOYEE WELFARE PLAN, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellee, | |
| U.S. BANCORP, a Delaware corporation, DBA U.S. Bank as trustee of the Steve Martinez Special Needs Trust, | |
| Counter-defendant - Appellee. | |

| | |
|---|---|
| ANA MARTINEZ, | No. 11-57221 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02304-SVW-PLA |
| v. | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

THE BEVERLY HILLS HOTEL AND
BUNGALOWS EMPLOYEE BENEFIT
TRUST EMPLOYEE WELFARE PLAN,

Defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 5, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.[**]

Ana Martinez appeals from the district court's order denying attorney's fees in Case No. 2:09-cv-01222-SVW-PLA (*Martinez I*) and the court's order upholding Defendant The Beverly Hills Hotel and Bungalows Employee Benefit Trust Employee Welfare Plan's (the Plan administrator) decision to deny her benefits in Case No. 2:11-cv-02304-SVW-PLA (*Martinez II*). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

As an initial matter, Martinez's decision not to immediately appeal the district court's decision to remand in *Martinez I* does not waive her present

---

[**] The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

challenge. That order was not appealable at the time. *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 903 (9th Cir. 2004).

The district court abused its discretion by remanding the matter to the Plan administrator after correctly ruling that the Plan's reasons for denying benefits were invalid. No factual determinations remained to be made; the administrator simply erred in denying Martinez benefits. The proper remedy under the circumstances was to order the payment of benefits then and there. *Canseco v. Constr. Laborers Pension Trust for S. Cal.*, 93 F.3d 600, 609 (9th Cir. 1996). We reverse and remand with directions to order the payment of benefits.

As for Martinez's application for attorney's fees, she is now clearly the prevailing party. We reverse and remand to the district court for consideration of her application. *See Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242 (2010).

**REVERSED AND REMANDED.**