**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



VENTURE CORPORATION, LTD and
VENTURE DESIGN SERVICES, INC.,

Plaintiffs-Appellees,

v.

JAMES P. BARRETT,

Defendant-Appellant.

No.     15-17439

D.C. No. 5:13-cv-03384-PSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted July 10, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and LYNN,** Chief District Judge.

James Barrett appeals multiple orders issued by the district court in favor of

Appellees Venture Corporation, Limited ("VCL") and Venture Design Services,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

Inc. ("VDSI"). We have jurisdiction to hear this appeal, 28 U.S.C. § 1291, and we affirm.

1. We will not review a district court's denial of a motion for summary judgment "on an appeal from a final judgment entered after a full trial on the merits," *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987), unless "the district court made an error of law that, if not made, would have required the district court to grant the motion," *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quoting *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004)). The district court made no error of law when it considered Barrett's 2003 employment agreement in ruling on Barrett's motion for summary judgment. Under the employment agreement, Barrett "assign[ed] to [VDSI] without royalty or any other further consideration [his] entire right, title and interest in and to any Invention" he "may conceive, make, develop or work on . . . during the term of [his] employment with [VDSI]." The employment agreement was relevant to the effect of the subsequent assignment contracts between Barrett and VCL, in which Barrett purported to assign his rights in three different inventions to VCL. Consideration of the employment agreement, therefore, did not violate California's parol evidence rule. *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 291 P.3d

2

316, 319 (Cal. 2013); Cal. Civ. Proc. Code § 1856(f) ("Where the validity of the agreement is the fact in dispute, this section does not exclude evidence relevant to that issue.").

2. The district court did not abuse its discretion in denying Barrett's request for a curative jury instruction that he was the sole and undisputed inventor of the three inventions at issue in this case. First, the district court gave "adequate instructions on each element of the case." *See Van Cleef v. Aeroflex Corp.*, 657 F.2d 1094, 1098–99 (9th Cir. 1981) ("A failure to give a requested jury instruction is not reversible error so long as the trial judge gives adequate instructions on each element of the case."). Second, the testimony from VDSI employees that they had been involved in the development of the three inventions was highly relevant to whether Barrett developed the inventions while working at VDSI, on VDSI time, or using VDSI resources. The testimony was not unfairly prejudicial, and thus did not require a curative instruction, because it did not "suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee's notes to 1972 amendment; *see also White v. Ford Motor Co.*, 500 F.3d 963, 977 (9th Cir. 2007).

3. The district court did not abuse its discretion in denying Barrett's request for a jury instruction on waiver. "A waiver is an intentional relinquishment or abandonment of a known right or privilege." *Groves v. Prickett*, 420 F.2d 1119,

3

1125 (9th Cir. 1970). Barrett failed to present any evidence to support his theory that VDSI intentionally relinquished the rights it obtained in the inventions through Barrett's employment agreement.[1] *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.").

4. The district court did not err in granting Appellees' motion for judgment as a matter of law, because, even construed "in the light most favorable to" Barrett, "the evidence permits only one reasonable conclusion." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). There is no evidence in the record that VDSI forfeited the rights it obtained in the inventions through Barrett's employment agreement. Rather, the record establishes that the rights VDSI obtained in the inventions automatically transferred to VCL under a separate agreement between VDSI and VCL. Therefore, VDSI had no rights to forfeit.

5. Barrett is not entitled to his fees and costs, because VDSI and VCL are the prevailing parties in this action. *See* Cal. Civ. Code § 1717(b)(1). Barrett was not

---

[1] We acknowledge that the district court gave an instruction on forfeiture and an instruction should be given only when there is evidence to support it being given. *See Gantt v. City of Los Angeles*, 717 F.3d 702, 706–07 (9th Cir. 2013). But that error was harmless in view of the correct judgment as a matter of law that followed the jury verdict.

successful on any of his counterclaims, and VDSI and VCL received all the relief they requested.

**AFFIRMED.**