**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SECURITY ALARM FINANCING
ENTERPRISES, LP, a California Limited
Partnership,

No.   17-35688

Plaintiff-Appellee

D.C. No. 3:13-cv-00102-SLG

v.

MEMORANDUM[*]

ALARM PROTECTION TECHNOLOGY,
LLC, a Utah Limited Liability Company; et
al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 12, 2018
Anchorage, Alaska

Before:  THOMAS, Chief Judge and CALLAHAN and BEA, Circuit Judges.

This case concerns allegations of illegal competition in the home security

alarm market in Alaska.  Security Alarm Financing Enterprises, L.P. ("SAFE") is a

security alarm company that grows its business by purchasing customer accounts

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

from other companies and integrating those accounts into its business. In 2013, SAFE purchased 1,450 accounts from another provider in Alaska. Between 2013 and 2015, SAFE lost over 800 of the Alaska accounts it had purchased, which far exceeded the attrition projected by SAFE's internal models. After investigation, SAFE discovered that another alarm company, Alarm Protection Technology ("APT"), was illegally interfering with SAFE's accounts by, among other things, falsely claiming an association with SAFE or defaming SAFE to customers.

SAFE filed suit against APT in federal district court alleging claims for violation of the Lanham Act, 15 U.S.C. § 1125; violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471; defamation per se; and misappropriation of trade secrets. After a trial, the jury found APT liable on all counts and assessed total damages of $920,700. APT moved for judgment as a matter of law ("JMOL") or, in the alternative, for a new trial. The district court denied the motions and entered judgment on the jury's verdict. APT appeals the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. We will affirm a district court's decision to deny judgment as a matter of law if "substantial evidence" supports the jury's verdict. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). Here, although SAFE did not present evidence for each individual customer it claimed it lost due to APT's

2

conduct, SAFE did present testimony from several customers who experienced APT's illegal tactics, evidence that APT trained its salespeople to use illegal tactics, and evidence that SAFE experienced much higher attrition in Alaska than it would have if it was subject to only lawful competition. In light of this evidence, the jury could reasonably infer that APT was responsible for a significant number of the accounts SAFE lost. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620–21 (9th Cir. 1993). As a result, the district court did not err in denying APT's motion for judgment as a matter of law.

2. We review a district court's order denying a new trial for an abuse of discretion. *Gilbrook*, 177 F.3d at 856. When a district court denies a motion for a new trial after finding that the jury's verdict is not against the clear weight of the evidence, that decision is "virtually unassailable. In such cases, we reverse for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (emphasis in the original). Here, there was evidence to support the jury's apparent conclusion that APT was responsible for a significant number of the accounts SAFE lost in Alaska. Consequently, the district court did not err when it denied APT's motion for a new trial.

3. APT argues that the district court erred in excluding as hearsay cancellation letters purportedly sent by SAFE customers to SAFE. APT contends those letters

3

are admissible under Rule 803(3)'s "then-existing state of mind" exception to the hearsay rule or Rule 807's catchall exception to the hearsay rule. We review a district court's decisions regarding the admission of evidence for an abuse of discretion. *Glover v. BIC Corp.*, 6 F.3d 1318, 1328 (9th Cir. 1993). In ruling on Rule 803(3) issues, district courts "must evaluate three factors: contemporaneousness, chance for reflection, and relevance." *United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc). Evidence that the statement was not contemporaneous weighs against admission under Rule 803(3). *Id*. Ultimately, it is the reliability of the statement as evidence of the declarant's state of mind that determines admissibility. *Id.* Rule 807 allows the admission of statements not specifically covered by hearsay exceptions if "the statement has equivalent circumstantial guarantees of trustworthiness," is material, is more probative than any other evidence, and admitting the evidence will serve the interests of justice.

Here, SAFE presented evidence that the termination letters were not reliable statements of the customers' then-existing state of mind because some of the letters were drafted by APT salespeople. Thus, the district court did not abuse its discretion when it found that the letters were "not 'spontaneous,' but rather prepared with a view of escaping contractual obligations." Similarly, the district court did not abuse

4

its discretion in denying admission under the catchall exception because the customer letters lacked "equivalent circumstantial guarantees of trustworthiness." *See* Fed. R. Evid. 807.

4. We decline to reach APT's arguments regarding the district court's denial of its motion for summary judgment. Because it is not a final order, an order denying summary judgment "is not properly reviewable on an appeal from the final judgment entered after trial." *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358 (9th Cir. 1987). In the past, we have reviewed orders denying summary judgment after a jury trial when the alleged error concerns a pure question of law. *See Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004). However, in this case, the alleged errors presented by APT are not pure issues of law, but rather concern the sufficiency of the evidence that SAFE presented at summary judgment. We decline to review these factbound determinations on appeal. *See Williams v. Gaye*, 2018 WL 3382875 at *8 (9th Cir., Mar. 21, 2018).

**AFFIRMED.**