NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVERETT H.; et al.,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>DRY CREEK JOINT ELEMENTARY<br>SCHOOL DISTRICT; et al.,<br><br>        Defendants-Appellees. | No.   18-16642<br><br>D.C. No.<br>2:13-cv-00889-MCE-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted January 6, 2020[**]
San Francisco, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,[***]
District Judge.

Everett H. is a child with learning disabilities who attended an elementary

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]        The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

school in the Dry Creek Joint Elementary School District ("District"). His parents sued the District, its administrators, and the California Department of Education ("CDE"), asserting violations of the Individuals with Disabilities Education Improvement Act ("IDEA") and related statutes. His parents also brought claims under 42 U.S.C. § 1983 against California's Superintendent of Public Instruction, Tom Torlakson ("Superintendent Torlakson").

The district court dismissed the section 1983 claims against Superintendent Torlakson. The district court later denied the remaining parties' cross-motions for summary judgment. A trial was then held on Plaintiffs-Appellants' claims against the CDE.[1] After the jury found in the CDE's favor on all claims,[2] Plaintiffs-Appellants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and for a new trial under Federal Rule of Civil Procedure 59(a). The district court denied both motions.

Plaintiffs-Appellants now appeal from the district court's dismissal of their claims against Superintendent Torlakson, from the denial of their motion for

---

[1] Plaintiffs-Appellants settled their claims against the District and its administrators before trial. Given the terms of that settlement, Plaintiffs-Appellants have abandoned their appeal on their claims against the District.

[2] The district court did not err in submitting the IDEA claims to the jury. Because Plaintiffs-Appellants requested that the district court submit the claims to the jury, including by opposing the CDE's motion to strike the jury trial demand as to those claims, the doctrine of invited error bars their subsequent challenge.

summary judgment, and from the denial of their post-trial motions under Rules 50(b) and 59(a). We dismiss in part and affirm in part.

We dismiss the appeal from the district court's denial of Plaintiffs-Appellants' motion for a new trial. Without a trial transcript, we cannot review the merits of the district court's finding of no prejudicial error. *See* Fed. R. App. P. 10(b)(2); *see also Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam).

Plaintiffs-Appellants have not identified any plain error with respect to the portion of the appeal under Rule 50(b) based on any argument not raised in Plaintiffs-Appellants' Rule 50(a) motion. *See EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("[A] proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'") (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). When, as here, a party seeks post-trial judgment as a matter of law as to an issue that was not raised in a Rule 50(a) motion, "we are limited to reviewing the jury's verdict for plain error," which requires "extraordinarily deferential review that is limited to whether there was *any* evidence to support the jury's verdict." *Id.* at 961–62 (first quoting *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 (9th Cir. 2002); then quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

3

1109 (9th Cir. 2001)). By failing to provide the transcripts reflecting what evidence was presented to the jury, Plaintiffs-Appellants have provided no persuasive reason to conclude that this standard is met.

We affirm the district court's denial of the preserved portion of Plaintiffs-Appellants' Rule 50(b) motion. Ample evidence supports the jury's finding that the CDE did not violate Everett's right to a free and appropriate public education. First, because the Office of Administration Hearings issued a binding Stay Put Order[3] finding that the parties had in effect mutually amended the September 9, 2009 Individualized Education Plan to discontinue specialized academic instruction, it was not unreasonable to find that the CDE was not required to provide specialized instruction to Everett. *See* 34 C.F.R. § 300.152(c)(2)(i). Second, because Everett received conflicting IQ scores in 2009,[4] some of which placed him outside the classification as mentally retarded, there was adequate evidence to support the jury's finding that the January 2012 complaint regarding his misclassification was time-

---

[3] To the extent Plaintiffs-Appellants assert error in the Stay Put Order, that order is not before us here, and the CDE is not responsible for any error contained within it. *See M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 860 (9th Cir. 2014).

[4] The district court did not abuse its discretion in admitting these scores at trial. The scores were admissible because CDE offered them to prove what Plaintiffs-Appellants knew or should have known.

barred.[5] *See* 20 U.S.C. § 1415(f)(3)(C).

Plaintiffs-Appellants also argue that the district court erred in denying their pre-trial motion for summary judgment. They contend that the CDE admitted all material facts, and that "the district court made an error of law" that is reviewable notwithstanding the general rule that we do "not review a denial of a summary judgment motion after a full trial on the merits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quoting *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004)). Even assuming this summary judgment question could be reviewed post-trial, the district court's denial of summary judgment was based on the presence of disputed facts that the parties had presented through their cross-motions. The CDE's agreement with Plaintiffs-Appellants that certain facts were undisputed does not mean that Plaintiffs-Appellants are correct that those facts alone entitled them to judgment in their favor.

As to the district court's dismissal of Plaintiffs-Appellants' section 1983 claims against Superintendent Torlakson, we conclude that there was no error. Because Everett no longer attends Dry Creek, the claims against Superintendent

---

[5] We also reject Plaintiffs-Appellants' contention that the misclassification caused Everett not to be in a general classroom. There is evidence to support a finding that the January 2012 complaint was untimely because Everett was moved to a general classroom in May 2010. *See* 34 C.F.R. § 300.153(c).

Torlakson in his official capacity are moot. And because Plaintiffs-Appellants did not plead facts establishing that Superintendent Torlakson had actual or constructive notice of their complaints, they failed to state a claim against Superintendent Torlakson in his individual capacity.

**DISMISSED** in part and **AFFIRMED** in part.