MEMORANDUM *
The International Painters and Allied Trades Industry Pension Plan (“IPAT”) appeals the summary judgment grant to David Shore (“Shore”) in his ERISA action seeking disability benefits under the Plan retroactive to 1974. The parties cross-appeal the district court’s award of attorneys’ fees. We affirm on the merits but remand for clarification of the reduction in attorneys’ fees.
Shore worked for employers who contributed to the Plan until he suffered an on-the-job injury and became permanently and totally disabled on March 15, 1974, as later determined by the Social Security Administration (“SSA”). After being repeatedly told by IPAT he was one credit shy of pension eligibility, Shore applied for a disability pension in 2003, submitting documentation of his 1976 SSA disability determination, as well as proof that IPAT had miscalculated his credits and that he was, in fact, eligible for a disability pension. IPAT ultimately accepted Shore’s credit calculation, but denied his disability *599 application, concluding: (1) his credits had never vested and were thus nullified by his break in service as of 1977; and (2) his failure to apply for a disability pension within twelve months of receiving the SSA disability award, as required under the 1995 version of the Plan, disqualified him.
We have jurisdiction over Shore’s claim because a significant act—namely, the award of SSA disability benefits in 1976, without which Shore could not qualify as “permanently and totally disabled” as defined by the 1967 Plan—clearly occurred after ERISA’s effective date. See 29 U.S.C. §§ 1132(e), 1144(b)(1). This fact, combined with the accrual of Shore’s cause of action when he applied for and was denied disability benefits in 2003, places his claim squarely within the jurisdictional reach of ERISA and distinguishes his claim from the one asserted in Menhorn, where all of the relevant acts giving rise to the benefits claim occurred pre-ERISA. See Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1501-02 (9th Cir.1984).
The parties dispute whether Shore’s claim is controlled by the 2003 Plan, which confers discretionary authority on the Trustees, or the 1967 Plan, which does not. By the 2003 Plan’s plain language, Shore’s pension eligibility is to be determined “in accordance with the provisions of the Plan in effect at the ... time the Employee ... left Covered Employment,” which is the 1967 Plan. The district court correctly determined that the 1967 Plan governs and that, accordingly, the plan administrator’s denial of Shore’s claim is reviewed de novo. See Shane v. Albertson’s, Inc., 504 F.3d 1166, 1169 & n. 1 (9th Cir.2007); see also Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).
Once the SSA deemed Shore eligible for Social Security Disability benefits, he satisfied all three eligibility requirements for a disability pension set forth in Article III, Section 8 of the 1967 Plan: (1) he was permanently and totally disabled prior to attaining age sixty-five; (2) he had at least 120 units of pension credit; and (3) he had accrued at least twelve units of future service credit in covered employment. The 1967 Plan does not condition entitlement to a disability pension on advance application, as later versions of the Plan do. Therefore, “[b]y its mandatory language (‘shall be entitled’),” the 1967 Plan entitles Shore to disability benefits retroactive to his disability onset date. See Canseco v. Constr. Laborers Pension Trust for S. Cal., 93 F.3d 600, 606 (9th Cir.1996). Because application is merely a “procedural requirement” “to initiate payment of benefits” rather than a condition of entitlement, Shore’s failure to apply for payment of benefits until 2003 “cannot destroy [his] eligibility.” See id. at 607. Likewise, the Plan’s break-in-service provisions do not apply to a worker who has satisfied all pension eligibility requirements and is already entitled to retire.[1] See Banuelos v. Constr. Laborers’ Trust Funds for S. Cal., 382 F.3d 897, 904-05 (9th Cir.2004). IPAT’s interpretation of Shore’s retirement itself as a disqualifying “break in service” is incompatible with a holistic reading of the Plan, as well as with circuit precedent.
IPAT’s attempt to distinguish Canseco by relying on Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trustees, 588 F.3d 641 (9th Cir.2009), is *600 equally misdirected, as Shore’s claim, though involving welfare rather than pension benefits, does not implicate ERISA’s anti-cutback provision. See id. at 649; 29 U.S.C. § 1054(g). Our interpretive principles in Canseco, which were not contingent on the type of benefit at issue, apply no less to a claim for disability benefits rooted in the express and unambiguous language of a plan document.
An award of reasonable attorney fees is within the district court’s discretion, but a departure from the lodestar amount by as much as twenty percent must be supported by specific and articulable reasons. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir.2008). Such required specificity is lacking where the district court explains its twenty-two percent reduction in number of hours solely by reference to “the reasons set forth in Defendant’s Response,” which itself contains only vague contentions that the hours claimed are excessive. Though we are mindful of the district court’s busy docket, case law compels us to remand for a “concise but clear” explanation of the court’s reduction in hours so as to ensure that no abuse of discretion has occurred. See Gates v. Deukmejian, 987 F.2d 1392, 1399-1400 (9th Cir.1992).
AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because Shore already meets all three requirements of a disability pension under the Plan and is thus entitled to retire, it is immaterial that he does not satisfy a different Plan provision allowing employees falling short of pension eligibility to preserve their accrued service credits notwithstanding a break in service.