NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA L. FERGUSON, Esquire, | No. 18-36043 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:17-cv-01685-RSM |
| v. | MEMORANDUM* |
| BRIAN J WAID, and the marital community thereof, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted December 13, 2019
Seattle, Washington

Before: GOULD and BERZON, Circuit Judges, and BENITEZ,** District Judge.

**1.** Sandra Ferguson appeals from the district court's order dismissing her

§ 1983 claims against Brian Waid under Fed. R. Civ. P. 12(c). Ferguson fails to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

state a § 1983 claim because Waid's communications about Ferguson with the Washington State Bar Association are immunized under the *Noerr-Pennington* doctrine, and Ferguson's Complaint does not plausibly allege application of the sham exception. *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056-57 (9th Cir. 2005). Moreover, Ferguson's Complaint does not plausibly allege "state action," as required to plead a § 1983 claim. *See Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law[.]").

2. Ferguson appeals from the district court's order imposing Rule 11 sanctions for her filing of a frivolous § 1983 claim against Waid. Ferguson did not file a timely opposition to Waid's motion for sanctions before the district court; this Court declines to invoke its discretion to consider Ferguson's arguments raised for the first time on appeal. *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004). Further, even considering the merits, the district court did not err in finding Ferguson's § 1983 claim to be frivolous.

3. Ferguson appeals from the district court's order holding her Complaint violated Washington's Anti-SLAPP statute, RCW 4.24.510, and awarding $10,000 in statutory damages to Waid. Because a state's Anti-SLAPP statute does not apply to federal claims for relief, we reverse the district court's finding on that

claim, and strike the associated $10,000 award. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) (an "anti-SLAPP statute does not apply to federal law causes of action. . . . [A] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims"); *Martinez v. California*, 444 U.S. 282, 284 n.8 (1980) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law").

**4.** Ferguson appeals from the district court's two orders denying summary judgment. First, Ferguson cannot challenge the district court's findings of fact on appeal because she did not furnish the trial transcript. *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) ("Without a trial transcript, the majority of [Appellant]'s contentions are unreviewable. We also agree that [Appellant]'s failure in this respect justifies summary affirmance of the district court's decision, pursuant to Fed. R. App. P. 10(b)(2).").

Second, as to the alleged errors Ferguson raises, her appeal of the orders denying summary judgment in her favor on the defamation and harassment claims is foreclosed by *Ortiz v. Jordan*, 562 U.S. 180 (2011), because a district court's orders denying summary judgment are not reviewable after a trial on the merits. Here, following a trial on the merits, the district court made findings of fact and conclusions of law about Waid's defamation and civil harassment counterclaims. Ferguson relies upon a pre-*Ortiz* exception, which permits review of "purely legal

3                                                                    18-36043

issues" after a trial on the merits, but this Court has not yet decided whether that exception survives *Ortiz*. Moreover, even if it did, the exception would not apply here where Ferguson does not raise "purely legal issues capable of resolution with reference only to undisputed facts." *Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018) (internal quotations omitted); *cf. Banuelos v. Constr. Laborers' Trust Funds*, 382 F.3d 897, 903 (9th Cir. 2004) (in ERISA case, examining purely legal issue of whether district court "erred as a matter of law when it concluded it could hear evidence outside the administrative record").

Finally, the district court essentially granted partial summary judgment for Waid when it "conclude[d] as a matter of law that Ms. Ferguson made statements of fact, not opinion, when she stated that Mr. Waid engaged in fraudulent and criminal activity," and ordered that Ferguson was "precluded from raising this defense at trial." That conclusion was not in error. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990) (a statement of opinion that reasonably implies a false and defamatory statement of fact is actionable). "Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact." *Id.*

**5.** Ferguson appeals from the district court's post-trial order, entering an injunction "to protect Mr. Waid from further harassment." The injunction is

overbroad at section (a), which prohibits Ferguson generally "from contacting past or present clients of Brian J. Waid, either in person, via telephone, or by electronic communications." *Id.* That prohibition is not supported by the district court's findings of fact or conclusions of law regarding defamation, as its effect is to preclude Ferguson from having *any* communications with Waid's clients, including about topics unrelated to Waid or this lawsuit. Accordingly, we reverse and remand with instructions to revise section (a) to add the underlined language: "Sandra Ferguson is enjoined from <u>repeating the same or effectively identical statements found to be defamatory</u> in this case <u>to</u> past or present clients of Brian J. Waid, either in person, via telephone, or by electronic communications." With that modification, the injunction will be "tailored to eliminate only the specific harm alleged." *E & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992). As to the remaining sections of the injunction, we affirm.

**6.** Both parties' requests for attorneys' fees are DENIED as premature and as not supported by proper documentation. *See* Fed. R. App. P. 39-1.[1]

---

[1] The *pro se* parties' motions for judicial notice, Docket Entry Nos. 38, 53, 60, 67, 69, 97, and 110, are granted.

The Court construes Ferguson's motion, Docket Entry No. 116, to strike a duplicate filing as seeking to strike Docket Entry No. 115. The motion is granted, and the Clerk shall strike the motion submitted at Docket Entry No. 115.

The Court construes Ferguson's motion to supplement the record, Docket Entry No. 111, as a request for judicial notice made pursuant to Fed. R. Evid. 201, and the motion is granted.

**AFFIRMED in part, REVERSED in part, and REMANDED.**