NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPIRIT OF ALOHA TEMPLE, a Hawai'i nonprofit corporation; FREDRICK R. HONIG, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF MAUI; STATE OF HAWAI'I, <br><br> Defendants - Appellees, <br><br> and <br><br> MAUI PLANNING COMMISSION, <br><br> Defendant. | No. 23-3453 <br><br> D.C. No. 1:14-cv-00535-SOM-WRP <br><br> MEMORANDUM* |
| SPIRIT OF ALOHA TEMPLE, a Hawai'i nonprofit corporation; FREDRICK R. HONIG, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> COUNTY OF MAUI, | No. 23-3633 <br><br> D.C. No. 1:14-cv-00535-SOM-WRP |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Defendant - Appellant.

SPIRIT OF ALOHA TEMPLE, a Hawai'i nonprofit corporation; FREDRICK R. HONIG,

        Plaintiffs - Appellants,

  v.

COUNTY OF MAUI,

        Defendant - Appellee.

No. 24-2096
D.C. No.
1:14-cv-00535-SOM-WRP

Appeal from the United States District Court
for the District of Hawai'i
Susan O. Mollway, Presiding

Argued and Submitted October 7, 2024 as to Nos. 23-3453, 23-3633
Submitted October 7, 2024 as to 24-2096[**]
Honolulu, Hawai'i

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Fredrick Honig and his non-profit entity, Spirit of Aloha Temple, (collectively, "Plaintiffs") applied for a special use permit to conduct religious activities on land zoned for agricultural use. After the Maui Planning Commission ("Commission") denied their application, Plaintiffs sued.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The facts of this case, and its complicated procedural history, are outlined in the concurrently filed opinion. This memorandum addresses the following issues: (1) the severability of HAR section 15-15-95(c)(2) from the remainder of the provision; (2) the district court's partial denial of summary judgment on Plaintiffs' federal and state Free Exercise Clause claims; (3) preclusion of Plaintiffs' argument that Spirit of Aloha Temple is a religious assembly or institution under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); (4) the exclusion of Marilyn Niwao's expert testimony; and (5) the district court's award of costs to the County of Maui ("County").

We have jurisdiction under 28 U.S.C. § 1291 and review a district court's ruling on summary judgment de novo. *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We determine, "viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1065–66 (9th Cir. 2011) (internal quotation marks and citation omitted). We review for abuse of discretion both the district court's decision to exclude expert testimony, *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010), and the district court's award of costs, *Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020).

3

We dismiss Plaintiffs' appeal with respect to their Free Exercise claims. Regarding the remaining issues, we affirm.

1.     Hawai'i Administrative Rules section 15-15-95(c)(2) is severable from the remainder of the guidelines. Severability is a question of state law. *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996) (per curiam). Under Hawai'i law, when a court holds that a provision of law is unconstitutional, the court must retain the remaining provisions that are "(1) constitutionally valid, (2) capable of functioning independently, and (3) consistent with [the Legislature's] basic objectives in enacting the statute." *State v. Tran*, 378 P.3d 1014, 1020 (Haw. Ct. App. 2016) (alteration in original) (internal quotation marks and citation omitted).

Here, each remaining guideline is separate and operates independently, as the Commission may rely on any of the guidelines when making its determination. *See Neighborhood Bd. No. 24 v. State Land Use Comm'n*, 639 P.2d 1097, 1101 (Haw. 1982) (noting that it was "unnecessary" to review all five guidelines when the proposal "fail[ed] to comply with the first . . . requirement"). Moreover, the provisions of HAR Chapter 15 are intended to "be liberally construed to preserve, protect, and encourage the development and preservation of lands in the State for those uses to which they are best suited in the interest of public health and welfare of the people of the State of Hawai'i." HAR § 15-15-01. The special-permitting scheme is meant to consider what are the local effects and whether a use will

4

change the "essential character of the district," *Neighborhood Bd. No. 24*, 639 P.2d at 1102, and the remaining guidelines together still achieve this purpose, *see* HAR § 15-15-95(c)(1) (considering whether the proposed use would "be contrary to the objectives sought to be accomplished by chapters 205 and 205A, HRS, and the rules of the commission"); *id.* § 15-15-95(c)(3) (considering whether a proposed use would "unreasonably burden public agencies").

2.     We dismiss Plaintiffs' appeal with respect to the district court's denial of partial summary judgment on their Free Exercise claims. We will not review "a denial of a summary judgment motion after a full trial on the merits," unless "the district court denie[d] [the motion] on the basis of a question of law that would have negated the need for a trial." *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004). Here, the district court premised its decision on then-extant questions of fact. *Spirit of Aloha Temple v. County of Maui*, No. CV 14-00535 SOM/RLP, 2023 WL 5178248, at *16–17 (D. Haw. Aug. 11, 2023). Even assuming the district court's precise line of reasoning was legally flawed, a trial would have remained necessary because a genuine issue of material fact existed as to whether the County burdened—to any degree[1]—Plaintiffs'

---

[1]     Plaintiffs argue that "the Supreme Court has recently made clear" that Plaintiffs need not demonstrate a "substantial burden" with respect to their Free Exercise claims. Regardless of whether this is true, Plaintiffs must, at a minimum, establish that their religious exercise was burdened. *See Kennedy v. Bremerton*

5

religious exercise.[2] *See Shawmut Bank, N.A. v. Kress Assocs.*, 33 F.3d 1477, 1484 (9th Cir. 1994) (stating that we may affirm a court's denial of summary judgment "on any ground supported by the record").

3.  Spirit of Aloha Temple is not precluded from asserting that it is a religious assembly or institution under RLUIPA.  During the trial for the RLUIPA equal terms claim, the advisory jury found that Plaintiffs had not proved that Spirit of Aloha Temple was a religious assembly or institution, but also that the County had not proved that it was *not* a religious assembly or institution.  Because the County bore the burden of proving that Spirit of Aloha Temple is not a religious assembly or institution, *see* 42 U.S.C. § 2000cc-2(b), Spirit of Aloha Temple is not precluded from asserting that it is a religious assembly or institution under RLUIPA.

---

*Sch. Dist.*, 597 U.S. 507, 525 (2022) ("Under this Court's precedents, a plaintiff may carry the burden of proving a free exercise violation in various ways, including by showing that a government entity has burdened his sincere religious practice . . . .").

[2]  Plaintiffs sought a special use permit to conduct "church activities."  The proposed activities included "[a] [l]iving [c]lassroom" with garden tours, weekly church services, Hawaiian cultural events, seminars on plant-based nutrition, and "[s]piritual commitment[] ceremonies[,] including weddings."  The County provided evidence that Plaintiffs were able to engage in these practices without a special use permit.  Although Plaintiffs were fined in 2012 for conducting "commercial weddings," whether those specific weddings were related to Plaintiffs' religious exercise is unclear.  Viewing that evidence in the light most favorable to the County, material issues of fact existed as to what specific religious practices or activities, if any, were impinged upon.

4.     The district court did not abuse its discretion in excluding the expert testimony of Marilyn Niwao.  Whether Spirit of Aloha Temple's tax-exempt status could be revoked, given the evidence of private inurement to Honig, is irrelevant to whether Spirit of Aloha Temple is a religious assembly or institution or otherwise is exercising religious rights.

5.     Lastly, the district court properly considered Plaintiffs' objections to the costs award and did not abuse its discretion in awarding costs to the County. Rule 54(d)(1) of the Federal Rules of Civil Procedure "creates a presumption in favor of awarding costs to prevailing parties" and Plaintiffs did not overcome this presumption or establish a clear reason to deny costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); Fed. R. Civ. P. 54(d)(1).

**AFFIRMED IN PART and DISMISSED IN PART.**